BLICK LAW LLC
220 Davidson Avenue, Suite 300
Somerset, New Jersey 08873
(848) 222-3500 - Telephone
(848) 222-3550 - Fax
By: Cynthia Satter, Esq.
csatter@blicklaw.com
*Attorneys for Defendant*
*Youth Consultation Service*

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| YESSICA LUGO, MANUEL CORREA, in their capacity guardians for B.C., a minor child,<br><br>    Plaintiff,<br><br>    v.<br><br>YOUTH CONSULTATION SERVICE, et. als.<br><br>    Defendants. | Civil Action |

**TO: THE HONORABLE JUDGES AND CLERKS OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY, ALL INTERESTED PARTIES, AND THEIR COUNSEL OF RECORD.**

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §1331, defendant Youth Consultation Services files this Notice of Removal. As grounds for the removal, the defendant Youth Consultation Service states as follows:

1

FEDERAL QUESTION JURISDICTION

This matter is properly removeable to the federal courts based upon federal question jurisdiction under 28 U.S.C. §1331. Pursuant to 1331 district courts have federal question jurisdiction under all civil actions arising under the "Constitution, laws, or treaties of the United States." Here, the Complaint contains several federal allegations based on 42 U.S.C. §1983.

The plaintiff's Complaint presents questions of federal law and thus the matter must be litigated in federal court. "The presence or absence of federal question jurisdiction is guided by the 'well pleaded complaint' rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Catepillar v. Williams, 482 U.S. 386, 392 (1987). In Green Tree Servicing LLC v. Dillard, 88 F.Supp. 3d 399, 401 (D.N.J. 2015) The Court held, "Because the plaintiff acts as a 'master of the claim' a court looks to the face of a complaint in accordance with the 'well pleaded complaint rule' in order to determine whether the action rests upon a federal claim." Thus the issue of federal jurisdiction arising out of federal question must be established "squarely within

2

the four corners" of the Complaint for purposes of determining removal to federal court. <u>Palmer v. Univ. of Med. and Dentistry of N.J.</u>, 605 F. Supp. 2d 624, 633 (D.N.J. 2009).

    Here, the plaintiff directly cites federal statute 42 U.S.C. §1983 in support of eight of its seventeen counts. It states in count four, that the statute was violated by the defendant's receiving state funding and thus being a state entity, count ten, the willful disregard of rights, as well as counts twelve through seventeen. There the defendant is accused of violating as to the liability of supervisory officials, failure to intervene, failure to properly train, failure to properly supervise, failure to adopt policy and also failure to prevent attack. All of these accusations arise out of an alleged violation of federal statute.

    Were this case to proceed in state court the questions being posed to a potential jury and trier of fact would hinge largely on the interpretation of federal law. Any motion practice would likely be dominated by questions of federal law and statutory interpretation given the allegations of the case as contained in the Complaint. There is simply no compelling reason for the matter to remain in state court given the allegations contained

within the Complaint, and as a result it must be removed to federal court.

## TIMELINESS

With regards to timeliness, statute 28 U.S.C. §1446(b)(1) governs and states that:

> "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based or within 30 days after the service of summons upon the defendant if such initial pleading has been filed in court and is not required to be served on the defendant, whichever period is shorter."

The purpose of the 30 day requirement is to enable the parties to move the matter to the federal court at the onset and the moment that it has become apparent that a federal cause of action and federal question exists from the pleadings. Here, there is clearly a federal question as the centerpiece of the plaintiff's claim is an allegation of the violation of a federal statute. This is properly a federal case when the Complaint is viewed plainly.

## NOTICE

Attached hereto as Exhibit A please find a copy of the notice to the state court and the other parties of a filing of notice of removal to federal court. Defendant will promptly serve same upon the parties as per the applicable rules.

## NON-WAIVER

In the filing of this Notice of Removal, the defendant does not waive, and expressly reserves, all defenses available to it, and reserves all rights.

WHEREFORE, defendant Youth Consultation Service requests that the above action which is currently pending in the Superior Court of New Jersey, Essex County Law Division, be removed to this the District Court for the federal district of New Jersey.

                                  BLICK LAW LLC
                                  *Attorneys for Defendant*
                                  *Youth Consultation Service*

                     By:  s/Cynthia Satter
                           Cynthia Satter, Esq.